# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Clinton Antoine Powell,<br>　　Petitioner, | )<br>)<br>) |
| v. | )　　1:18cv1540 (TSE/MSN) |
| Harold W. Clarke,<br>　　Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Clinton Antoine Powell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his November 5, 2015 conviction in the Circuit Court of Southampton County for possession of a controlled substance with the intent to distribute, third or subsequent offense. The petition also challenges the validity of three revocations on November 5, 2015 of suspended sentences imposed in three 2007 convictions: (i) sale and distribution of cocaine; (ii) sale and distribution of cocaine, second offense; and (iii) possession with intent to distribute cocaine. He also filed an amended habeas petition on May 8, 2019 adding a new claim. The respondent filed a Rule 5 Answer and a Motion to Dismiss and a supplemental Rule 5 Answer and a Motion to Dismiss addressing the amended habeas petition, each with supporting briefs and exhibits. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) to both the motion to dismiss and the supplemental motion to dismiss but did not do so. Accordingly, this matter is now ripe for disposition. Upon review of the record in this matter, respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice.

## I. Background

On February 13, 2007, petitioner appeared in the Circuit Court of Southampton County and pleaded guilty to three felonies: two counts of distributing cocaine (Case Nos. CR06-356 and CR06-357); and one count of possessing cocaine with the intent to distribute (Case No. CR06-447). The court then sentenced petitioner to: (i) ten years in prison with ten years suspended in Case No. CR06-356; (ii) ten years in prison with six years and two months suspended in Case No. CR06-357; and (iii) ten years in prison with ten years suspended in Case No. CR06-447. Petitioner did not appeal his convictions or sentences in those cases. After his release from incarceration, petitioner was placed on probation.

On November 18, 2013, a Southampton Circuit Court Grand Jury returned an indictment alleging that petitioner had possessed a controlled substance with the intent to sell, give or distribute (third or subsequent offense) on or about June 12, 2013 (Case No. CR13-456-00). At the bench trial on July 28, 2015, petitioner was convicted of the charged offense and thereafter a pre-sentence report was prepared. On November 5, 2015, the circuit court held a combined sentencing and probation revocation hearing. The court sentenced petitioner to twenty years in prison with ten years suspended for his 2013 conviction. The court also: (i) revoked the ten-year suspended sentence in Case No. CR06-356, and then resuspended seven years; (ii) revoked five years and eight months of the suspended sentence imposed in Case No. CR06-357, and then resuspended two years of that sentence; and (iii) revoked the ten-year suspended sentence in Case No. CR06-447 and then resuspended seven years of that sentence. The sentencing order and revocation orders were entered on November 5, 2015. Petitioner filed a notice of appeal challenging all four judgments on December 2, 2015.

On June 16, 2016, the Court of Appeals of Virginia denied petitioner's appeal, which had

asserted that the evidence was insufficient to sustain his 2013 conviction. The Court of Appeals of Virginia summarized the testimony at trial as follows:

> After being advised of his Miranda rights, appellant agreed to speak with Detective Greenwell. During the interview, appellant admitted the baggie of crack cocaine belonged to him. He offered to "give up" the names of "other drug dealers" in the area in exchange for not going to jail that evening. Appellant told Greenwell that an individual named "Bam" was his crack supplier.
>
> Greenwell asked Appellant if he was "still selling," and appellant responded that he had some legal bills and other expenses. Upon Greenwell asking, "Is this how you make your money," appellant answered "yes." He acknowledged that selling drugs was "how he made his money" and that he was "selling drugs for his own reasons." Appellant was asked whether he used hard drugs or any cocaine. He denied any use of hard drugs. Appellant did concede to using "alcohol and a little bit of weed."

Powell v. Commonwealth, R. No. 1921-15-1 (Va. Ct. App. June 15, 2016) (footnote omitted), Dkt. No. 14, Resp. Ex. 1. Noting that intent may be proven by circumstantial evidence and reasonable inferences, the Court of Appeals of Virginia found the circuit court could have rationally concluded that petitioner possessed the cocaine with the intent to distribute based upon his admission that the cocaine was his and his other statement that "he was still selling illicit drugs." The Court of Appeals of Virginia further observed that petitioner had admitted that he sold drugs as a source of income, and he had asserted he did not use "hard drugs," but only used alcohol and marijuana. Id.[1] Petitioner appealed to the Supreme Court of Virginia, which refused his petition for appeal on April 10, 2017. R. No. 161058, Dkt. No. 14, Resp. Ex. 2.

On March 6, 2018, petitioner, proceeding pro se, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. The petition challenged the validity of his 2013 conviction and the three probation revocations, but only asserted a single claim — that his

---

[1] In Virginia, when a defendant charged with possession with intent to distribute denies using the drug, that is a circumstance that the trier of fact can consider regarding intent. See, e.g., Langston v. Commonwealth, 504 S.E.2d 380, 385 (Va. Ct. App. 1998).

attorney should have moved to suppress "the evidence" obtained because the officer did not have a reasonable suspicion that petitioner was engaged in wrong doing when the officer observed petitioner driving on June 12, 2013. Specifically, petitioner argued that the prosecution did not prove that petitioner's license was actually revoked. Dkt. No. 24, State Habeas Pet. at 5.

On September 11, 2018, the Supreme Court of Virginia dismissed the habeas petition. The court found that the challenges to the probation revocations were untimely under the state habeas statute of limitations, Virginia Code § 8.01-654(A)(2); and that the ineffective assistance claim failed to satisfy either the performance or prejudice prongs "of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984)." Clinton Antoine Powell v. Director, R. No. 180366 (Sept. 11, 2018), Dkt. No. 14, Resp. Ex. 3.

On November 27, 2018, petitioner filed the present petition for a writ of habeas corpus challenging his 2013 conviction and the three 2013 probation revocations and raised the same ineffective assistance of counsel claim he had raised in state habeas (Claim 1). Petitioner's amended petition filed on May 8, 2019 reiterated Claim 1 and added a new claim of alleged prosecutorial misconduct (Claim 2). [2]

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must have presented to the Supreme Court of Virginia

---

[2] Petitioner alleges that the prosecutor fabricated evidence that petitioner had a revoked license.

the same factual and legal claims raised in his § 2254 petition. See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Claim 1 is exhausted because petitioner raised it in his state habeas petition to the Supreme Court of Virginia. The portion of Claim 1, however, that challenges the three revocation proceedings is defaulted because it was not timely filed with respect to the revocation proceedings.

With respect to his three probation revocations, the Supreme Court of Virginia clearly and expressly based its dismissal of that portion of petitioner's state habeas claim (Claim 1) on the state habeas statute of limitations, Code § 8.01-654(A)(2), which constitutes a bar federal district court review of any federal claim that he raised in state habeas regarding the three revocation judgments. See Breard v. Pruett, 135 F.3d 615, 619 (4th Cir.), cert. denied sub nom., Breard v. Greene, 523 U. S. 371 (1998); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.), cert. denied, 519 U.S. 1002 (1996) ("[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default."); Sparrow v. Dir., Dep't of Corrs, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (recognizing § 8.01-654(A)(2) as an independent and adequate bar). Because there is a procedural bar to the portion of Claim 1 that focuses on the three revocations proceedings, that portion of the claim must be dismissed with prejudice and the Motion to Dismiss must be granted in this regard.

Claim 2 was not presented in the state court proceedings and thus is not exhausted. O'Sullivan, 526 U.S. at 845. Moreover, the claim is procedurally defaulted, which presents an independent ground to bar habeas relief of Claim 2. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (holding "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas

review of the defaulted claim"). Here, petitioner's unexhausted prosecutorial misconduct claim (Claim 2) would be barred from consideration in state court as both successive and untimely. Virginia Code § 8.01-654(B)(2) bars successive state habeas applications and is an independent and adequate bar precluding federal review of a claim. See, e.g., Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000). Section 8.01-654(A)(2) is also an adequate and independent bar that precludes federal review of a claim. See Sparrow, 439 F. Supp. 2d at 588; Banks v. Clarke, No. 1:12cv1398, 2013 U.S. Dist. LEXIS 6069, 2013 WL 164087, at *2 (E.D. Va. Jan. 15, 2013) (finding § 8.01-654(A)(2) was adequate and independent when applied to a revocation proceeding).[3] Accordingly, Claim 2 is barred from this Court's review because petitioner failed to raise it his state court proceedings, and it would now be deemed successive and untimely.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

---

[3] The limitation period for Virginia "habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues. Code § 8.01-654(A)(2)." See Booker v. Dir. of the Dep't of Corr., 727 S.E.2d 650, 651 (Va. 2012). Petitioner's cause of action accrued on November 7, 2016, one year after the date of the "order under which [he] is currently detained." Id. He did not execute his state habeas petition until March 6, 2018. Dkt. No. 20, State Habeas Form at 5-6.

Petitioner recognizes that he has not previously raised Claim 2 in state court – even though he certainly was aware of the status of his driver's license at trial and when he filed his habeas action – but argues that this claim is not defaulted because there has been a "miscarriage of justice." (Dkt. No. 16 at 12). The miscarriage of justice exception is "narrow in scope" and is concerned with actual as compared to legal innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citations omitted). "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner has presented no evidence to substantiate his assertion of a miscarriage of justice, and the trial record contains overwhelming evidence of guilt.[4]

A petitioner can also seek to obtain collateral relief based on trial errors to which no contemporaneous objection was made by establishing both "cause" excusing his procedural default, and "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 167-168 (1982). Petitioner has not attempted to establish either

---

[4] Petitioner has offered no evidence to refute or contest that his license was revoked on June 12, 2013. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (habeas petitioner must proffer evidence that supports his claim). The record before the Supreme Court of Virginia when it ruled on the state habeas petition, however, included a copy of the pre-sentence report and the October 13, 2013 Major Violation Report. Each report was admitted into evidence on November 5, 2015 without objection or any additions or corrections. Dkt. No. 19, Tr. 11/5/15 at 3-4. The pre-sentence report lists petitioner's prior convictions, which includes a September 30, 2013 in the Franklin City General District Court for driving on a revoked license. The pre-sentence report also lists the offense date for that conviction as June 12, 2013. The same conviction is included in the October 11, 2013 Major Violation Report. Dkt. No. 19. The trial record and the habeas record remove any doubt regarding the status of petitioner's license on June 12, 2013 — it was revoked.

cause or prejudice.

In sum, Claim 2 is unexhausted and defaulted. Petitioner has not established his assertion of a miscarriage of justice, and he has presented no argument or evidence to establish cause and prejudice to allow judicial review of his claim. Likewise, petitioner has not established either that it would be a miscarriage of justice or the necessary cause and prejudice to allow judicial review of any claim regarding his three 2013 probation revocations in state habeas because the challenges to those revocations was deemed untimely by the Supreme Court of Virginia in its September 11, 2018 order dismissing petitioner's state habeas petition. Accordingly, Claim 2 must be dismissed with prejudice and respondent's Motion to Dismiss must be granted in this regard.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of these requirements. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to

8

the facts of the prisoner's case." Id. The standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997).

## IV. Analysis

Because Claim 1 includes the only claim that is exhausted and not defaulted, an analysis of the merits of the habeas petition appropriately focuses solely on Claim 1. In state habeas, petitioner's claim, and the only remaining basis for Claim 1, was that his trial counsel was ineffective for failing to make a timely motion to suppress asserting that there was no reasonable basis upon which Officer Schumer could have stopped him. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice prong, a "defendant must

9

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In the context of a habeas petition, the Strickland standard has been described as "doubly deferential" because the deferential review under Antiterrorism and Effective Death Penalty Act of 1996 overlaps with the deferential standard under Strickland. See Cullen v. Pinholster, 563 U.S. 170, 202 (2011).

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly." The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal citations omitted).

When it rejected Claim 1, the Supreme Court of Virginia found that a motion to suppress

10

would have been frivolous because Officer Schumer knew "that petitioner's license had been revoked and was given a description of petitioner's vehicle." Prior to stopping the vehicle, Schumer "confirmed petitioner's license had been revoked." Dkt. No. 14-3, Resp. Ex. 3. The record establishes that on June 12, 2013, Corporal Thomas informed Officer Schumer that petitioner's driver's license had been revoked and provided him a description of a vehicle petitioner was known to operate. (Tr. 7/28/15 at 7-8, 25-26). While on patrol that day, Officer Schumer identified petitioner as the driver of a vehicle on a street in the City of Franklin.[5] (Id. at 9). Before attempting to stop petitioner's vehicle, however, Officer Schumer called Corporal Thomas to confirm petitioner's license was revoked. (Id. at 20-21). Corporal Thomas, who had learned that petitioner's license had been revoked when he had run petitioner's information through the DMV database earlier that day, confirmed to Officer Schumer that petitioner's license had been revoked. Corporal Thomas had run the DMV check that afternoon, so the information was "fresh." (Id. at 25-26, 27). Thus, there was no basis upon which to file a motion to suppress asserting that Officer Schumer did not have sufficient reasonable suspicion to stop petitioner for driving on a revoked driver's license. Filing such a motion would have been futile and petitioner's counsel was not ineffective for not filing a futile motion. See Moody v. Polk, 408 F.3d 141, 151 (4th. Cir. 2005) (citation omitted) ("Without evidence that reasonable counsel would have believed that [a motion] stood a realistic chance of being granted, [petitioner] cannot demonstrate that reasonable counsel would have requested a [motion].").

The record supports the Supreme Court of Virginia's dismissal and finding that there was

---

[5] Any resident or nonresident whose license to drive had been revoked or suspended, drives a motor vehicle on any Virginia highway is guilty of a Class 1 misdemeanor. Va. Code § 46.2-301(B)-(C).

no basis for a motion to suppress. Importantly, the Supreme Court of Virginia's conclusion is consistent with the results reached by several appellate courts in similar scenarios. See United States v. Sandridge, 385 F.3d 1032, 1036 (6th Cir. 2004) (officer reasonably suspected that the defendant was driving without a valid license because officer had run a license check on the defendant three weeks earlier and learned he did not have a valid license); United States v. Caldwell, 97 F.3d 1063, 1067 (8th Cir. 1996) (officer had a reasonable suspicion, based upon objective facts obtained from other law enforcement sources, that appellant was probably driving with a suspended driver's license); see also United States v. Miranda-Sotolongo, 827 F.3d 663, 669-70 (7th Cir. 2016) (concluding officer had reasonable suspicion to stop a vehicle with temporary tags after both he and dispatch checked the relevant database and found no record of the car's registration even though it turned out that the car was neither stolen nor unregistered).

Moreover, if counsel had filed a motion to suppress before trial it would have been unsuccessful because Officer Schumer never seized petitioner within the meaning of the Fourth Amendment. See California v. Hodari D., 499 U.S. 621, 629 (1991) (holding that because the defendant failed to comply with the arresting officer's show of authority "enjoining [him] to halt," the defendant "was not seized until he was tackled"). Instead, when Officer Schumer attempted to initiate a traffic stop, petitioner made a left turn, stopped his vehicle, and then immediately got out of the vehicle and fled on foot. (Tr. 7/28/15 at 9-10). Officer Schumer gave chase, following petitioner between some houses, over a couple of fences, and into a back yard where petitioner finally placed his hands in the air and allowed the officer to take him into custody. (Id. at 10).

After turning custody of petitioner over to another officer, Officer Schumer retraced the

path of petitioner's flight. (Id. at 10-11). About ten yards from where he had apprehended petitioner, Schumer found a plastic bag containing 24 rocks of crack cocaine in a spot where he had seen petitioner fall during the pursuit. (Id. at 11). Accordingly, the evidence that petitioner asserts counsel should have moved to suppress was not recovered because of a seizure, and therefore the Fourth Amendment did not apply. See Hodari D., 499 U.S. at 629 (holding cocaine abandoned while the defendant "was running was ... not the fruit of a seizure, and his motion to exclude evidence of it was properly denied").

Petitioner has also not met his burden to establish that, but for counsel's failure to file a suppression motion prior to trial, the outcome of his trial would have been different not only because no Fourth Amendment violation, but also because the circuit overruled petitioner's attorney when objected at trial when Officer Schumer testified about attempting to initiate a stop. (Tr. 7/28/15 at 17-19). The circuit court overruled defense counsel's objection on the merits concluding that the stop was not improper because Schumer had understood "from some other officer that this defendant had a suspended license," and there was nothing inappropriate about that information or Officer Schumer's reliance on it. (Id. at 20).[6] Accordingly, there is no reason to believe that counsel would have been successful had he raised the same issue before trial.

In sum, petitioner has failed to meet the Strickland prejudice prong because he cannot show that any motion to suppress was likely to be successful and because he cannot show that the outcome of his trial would have been different if a motion to suppress had been granted.

---

[6] Although Virginia Code § 19.2-266.2 requires motions to suppress be filed prior to trial, the statute also provides trial judges the discretion to "permit the motions or objections to be raised at a later time." Va. Code § 19.2-266.2(B).

Consequently, petitioner has failed to establish that the Supreme Court of Virginia's dismissal of this claim was either contrary to, or an unreasonable application of, existing United States Supreme Court precedent. Accordingly, this portion of Claim 1 must also be dismissed with prejudice and respondent's Motion to Dismiss granted.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss and Supplemental Motion to Dismiss must be granted, and this petition must be dismissed with prejudice.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Opinion to all counsel of record and to plaintiff at his last known address.

Entered this 24th day of February 2020.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

14